IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE PASHA GROUP; THE PASHA GROUP AG; and PASHA TRUCKING LLC,<br><br>            Plaintiffs,<br><br>      vs.<br><br>HARBOUR FORWARDING COMPANY, INC.; and DOE DEFENDANTS 1-10,<br><br>           Defendants. | CIVIL NO. 11-00358 DAE-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT[1]

Before the Court is Plaintiffs The Pasha Group, The

Pasha Group AG, and Pasha Trucking LLC's ("Plaintiffs") Motion

for Default Judgment, filed on November 30, 2011 ("Motion").  See

ECF No. 14.  Plaintiffs request that default judgment enter

against Defendant Harbour Forwarding Company, Inc. ("Defendant

HFCI") in the amount of $80,169.69 in general damages, plus

$16,033.94 in pre-judgment interest, $1,430.00 in attorneys'

---

[1] Within fourteen (14) days after a party is served with a
copy of the Findings and Recommendation, that party may, pursuant
to 28 U.S.C. § 636(b)(1)(B), file written objections in the
United States District Court.  A party must file any objections
within the fourteen-day period allowed if that party wants to
have appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

1

fees, and $476.06 in costs.

On December 30, 2011, the Court found this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. <u>See</u> ECF No. 15. Defendant HFCI's president and registered agent, Curtis McArthur, was served with a copy of the Motion, but, as of the present date, Defendant HFCI has not filed an opposition or other response to the Motion, which, if any, should have been filed by December 14, 2011. <u>See</u> LR 7.4 ("An opposition to a non-hearing motion shall be served and filed not more than fourteen (14) days after service of the motion."). Based on the following, and after careful consideration of the Motion, the supporting memorandum, declarations, and exhibits attached thereto, and the record established in this action, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART as follows.

<u>BACKGROUND</u>

On June 9, 2011, Plaintiffs filed their Complaint by Carrier to Recover Freight Charges ("Complaint") against Defendant HFCI. <u>See</u> ECF No. 1. Plaintiffs allege that, at all relevant times, Defendant HFCI was a Hawaii corporation doing business in this judicial district. <u>See</u> <u>id.</u> at ¶ 4. Plaintiffs allege that they provided freight and related services for Defendant HFCI's account from September 2009 through January

2011.  See id. at ¶ 5.  Despite demand, Defendant HFCI allegedly
failed and/or refused to pay Plaintiffs for the transportation
and services of the aforementioned cargo.  See id.  As a result,
Defendant HFCI allegedly owes Plaintiffs $81,169.68.  See id. at
¶ 6.

On August 12, 2011, Curtis McArthur filed a Waiver of
the Service of Summons on behalf of Defendant HFCI, which stated
that he, or the entity he represents, must file or serve an
answer or a motion under Rule 12 within 60 days from July 18,
2011.  See ECF No. 6.  On September 1, 2011, Plaintiffs filed a
Report of Parties' Planning Meeting, which stated that a Rule 26
conference was conducted between Plaintiffs' attorney and Curtis
McArthur, "the principal of Defendant [HFCI]."  See ECF No. 7, at
1.

On September 21, 2011, a Rule 16 Scheduling Conference
was held by the Court with Plaintiffs' counsel, but no one
appeared on behalf of Defendant HFCI.  See ECF No. 10.  After
Defendant HFCI failed to respond to Plaintiffs' Complaint, on
October 13, 2011, Plaintiffs requested, and received, entry of
default against Defendant HFCI.  See ECF No. 13.  On November 30,
2011, Plaintiffs filed the instant Motion for default judgment
against Defendant HFCI.  See ECF No. 14.

On January 3, 2012, Edward D. Magauran, Esq., filed a
Notice of Bankruptcy, which stated:

> Defendant Curtis Durant McArthur filed a
> Chapter 13 Bankruptcy proceeding on December
> 30, 2011 in Bankruptcy Case No. 11-03319. He
> is a party in Civil No. **11-00358**. This case
> is stayed pursuant to 11 U.S.C. Section 362.

ECF No. 17 (bold in original). On January 12, 2012, the Court instructed Plaintiffs to file a written status report regarding the status of the case, including Plaintiffs' position with respect to the effect, if any, of the bankruptcy on their pending Motion for default judgment. See ECF No. 18.

On January 18, 2012, Plaintiffs filed the requested status report. See ECF No. 19. Plaintiffs' position was that the automatic stay provided under 11 U.S.C. § 362(a) does not apply to this case and that the Court should move forward with a ruling on Plaintiffs' Motion for default judgment. See id.

On January 20, 2012, the Court issued an Order Regarding Supplemental Briefing in Support of Notice of Bankruptcy, which instructed Curtis McArthur to file a supplemental memorandum in support of his Notice of Bankruptcy. See ECF No. 20. On February 3, 2012, Mr. Magauran, on behalf of Curtis McArthur, filed a Statement, which provided, "The debtor does not oppose the court continuing the action against HFCI, however any judgment against HFCI may not be satisfied from property of the Debtor's estate and the Plaintiff may not seek to make Debtor as a Defendant in the case." ECF No. 24, at 2. Mr. Magauran clarified that, "While the Debtor is not a named party

4

to the action, the debtor, as the principal of the HFCI, could possibly be named as a Doe Defendant and notice was given to advise the parties and the Court that no action may be taken against the debtor or his personal assets."  Id. at 2-3.

<u>LEGAL STANDARD</u>

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time.  Fed. R. Civ. P. 55(a).  Under FRCP 55(b)(1), the clerk of the Court may enter default judgment for the plaintiff if the defendant has defaulted by failing to appear and plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the court for default judgment.  Fed. R. Civ. P. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the court.  <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  However, default judgments are ordinarily disfavored, and cases should be decided upon their merits wherever reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  Thus, entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991).

The Ninth Circuit has indicated that a court should

5

consider the following factors in exercising its discretion as to the entry of a default judgment:

> (1)  the possibility of prejudice to the plaintiff;
>
> (2)  the merits of the plaintiff's substantive claim;
>
> (3)  the sufficiency of the complaint;
>
> (4)  the sum of money at stake in the action;
>
> (5)  the possibility of a dispute concerning material facts;
>
> (6)  whether the default was due to excusable neglect; and
>
> (7)  the strong policy underlying the FRCP favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Upon default, the general rule of law is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Under this standard, the well-pled allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Furthermore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."

<u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir.

1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir.

1978)).

ANALYSIS

**A.    The Automatic Bankruptcy Stay Does Not Apply**

"The automatic stay of 11 U.S.C. § 362(a) protects only

the debtor, property of the debtor or property of the estate."

<u>In re Advanced Ribbons & Office Prods., Inc.</u>, 125 B.R. 259, 263

(B.A.P. 9th Cir. 1991); <u>see also</u> 11 U.S.C. § 362(a).

> It does not protect against non-debtor parties
> or their property.  Thus, section 362(a) does
> not stay actions against guarantors, sureties,
> corporate affiliates, or other non-debtor
> parties liable on the debts of the debtor.
> Similarly, the automatic stay does not protect
> the property of parties such as officers of
> the debtor, even if the property in question
> is stock in the debtor corporation.

<u>Advanced Ribbons</u>, 125 B.R. at 263 (citations omitted).

In the instant case, the sole named defendant is

Defendant HFCI.  Based on the Court's review of the record in

Bankruptcy Case No. 11-003319, only Curtis McArthur and his wife,

Deborah Poulson McArthur, are listed as debtors; Defendant HFCI

is not a party to the bankruptcy proceeding.  Moreover, Curtis

McArthur, Defendant HFCI's president and registered agent,[2]

---

[2]    In their Status Report, Plaintiffs state that,
"[a]ccording to the Business Registration Division of the State
of Hawaii Department of Commerce and Consumer Affairs, Defendant
HFCI is a for profit Alaska corporation whose sole shareholders
are Curtis and Deborah McArthur, who also together occupy all

7

states that he does not oppose the Court going forward with the litigation of this case against Defendant HFCI. Therefore, the Court finds that the automatic stay of 11 U.S.C. § 362(a) does not apply to Defendant HFCI, and it is appropriate to proceed with a ruling upon the instant Motion.

**B.    Jurisdiction**

As a preliminary matter, this Court has an affirmative obligation to determine whether or not it has jurisdiction over both the subject matter of this action as well as the defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

**1.    Subject Matter Jurisdiction**

This is a matter of admiralty and maritime jurisdiction under 28 U.S.C. § 1333. This Court also has federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction under the laws of the United State regulating commerce, 28 U.S.C. § 1337 and 46 U.S.C. § 801 et seq., 46 U.S.C. § 1701 et seq. and/or 46 U.S.C. § 10101 et seq.

---

officer and director positions." ECF No. 19, at 2-3. The Court has confirmed that Defendnat HFCI is registered to do business in Hawaii and that Curtis McArthur is its president and registered agent.

## 2.  Personal Jurisdiction

Personal jurisdiction in this district is proper provided it is consistent with Hawaii's long-arm statute and it comports with due process of law.  Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008).  Because Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction.  Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)).

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).  To meet this requirement, the Court must have either general jurisdiction or specific jurisdiction over the defendant.  Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).

### a.  General Jurisdiction

General jurisdiction exists when the defendant is either (1) domiciled in the forum state or (2) his activities

there are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities.  Id.; Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 414-16 (1984)).

The standard for establishing general jurisdiction is "fairly high," and requires that the defendant's contacts be of the sort that approximate physical presence.  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); Menken v. Emm, 503 F.3d 1050, 1056-57 (9th Cir. 2007) ("Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' for all purposes, a forum may only exercise 'specific' jurisdiction").  To determine whether general jurisdiction exists, the Court considers whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there.  Bancroft, 223 F.3d at 1086.

The Court finds that it has general jurisdiction over Defendant HFCI.  Here, Defendant HFCI is registered to do business in Hawaii; has a Hawaii mailing address; lists Curtis McArthur, a Hawaii resident, as its registered agent; and identifies Curtis McArthur and his wife as its only officers. Despite the fairly high standard for general jurisdiction, the

Court finds that these contacts with Hawaii are so substantial, continuous, and systematic that Defendant HFCI can be deemed present for all purposes. For these reasons, the Court concludes that it is appropriate to exercise general jurisdiction over Defendant HFCI.

### b. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum related activities, and (3) the exercise of jurisdiction is reasonable. <u>Boschetto</u>, 539 F.3d at 1021. If any of the three requirements is not met, jurisdiction in the forum would deprive the defendant of due process of law. <u>Pebble Beach Co.</u>, 453 F.3d at 1155 (quoting <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267, 270 (9th Cir. 1995)). Even if the Court had not concluded that it has general jurisdiction over Defendant HFCI, the Court finds that it would be appropriate to exercise specific jurisdiction.

### C.   *Eitel* Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above. The Court will address

11

each factor in turn.

**1.   Factor One: The Possibility of Prejudice to Plaintiffs**

The first factor set forth by the Ninth Circuit in
Eitel considers whether the plaintiff would suffer prejudice if
default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec.
Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent
entry of default judgment, Plaintiffs would be without another
recourse for recovery.  Accordingly, the first Eitel factor
favors the entry of default judgment.

**2.   Factors Two and Three: Merits of Plaintiffs'
        Substantive Claims and Sufficiency of the Complaint**

The Court considers the merits of Plaintiffs'
substantive claims and the sufficiency of the Complaint together
because of the relatedness of the two inquiries.  For these
factors, the Court must determine whether the allegations in the
Complaint are sufficient to state a claim that supports the
relief sought.  Danning, 572 F.2d at 1388.

Here, Plaintiffs allege that they provided freight and
related services for Defendant HFCI's account from September 2009
through January 2011.  Copies of the shipping documents were
attached to the Complaint as Exhibits "1" - "8," and the Motion
attached a copy of the request for freight services executed by
Curtis McArthur on behalf of Defendant HFCI as well as invoices
for services.  The Complaint further alleges that Defendant HFCI
has failed and/or refused to pay Plaintiffs for the

12

transportation and services of the aforementioned cargo.

As the Supreme Court has explained,

> The bill of lading is the basic transportation
> contract between the shipper-consignor and the
> carrier; its terms and conditions bind the
> shipper and all connecting carriers. Each
> term has in effect the force of a statute,
> which all affected must take notice. Unless
> the bill provides to the contrary, the
> consignor remains primarily liable for the
> freight charges.

S. Pac. Transp. Co. v. Commercial Metals Co., 456 U.S. 336, 342–

43 (1982) (quotations and citations omitted). See also Oak

Harbor Freight Lines, Inc. v. Sears Roebuck & Co., 513 F.3d 949,

954 (9th Cir. 2008) ("The bill of lading provides that the owner

or consignee shall pay the freight and other lawful charges upon

the transported property and that the consignor remains liable to

the carrier for all lawful charges.") (citation omitted).

Taking the factual allegations of the Complaint as

true, the Court finds that Defendant HFCI, as a shipper, is

responsible to Plaintiffs for the freight and related services

charges it received. The Court further finds that Defendant HFCI

has not paid for this transportation and services. Therefore,

the Court finds that the second and third Eitel factors favor the

entry of default judgment as to Plaintiffs' Complaint.

### 3.    Factor Four: Sum of Money at Stake

Under the fourth Eitel factor, "the court must consider

the amount of money at stake in relation to the seriousness of

Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177.

In this case, Plaintiffs seek a significant amount of general damages, i.e., $80,169.68. However, Plaintiffs' damages request is tailored to Defendant HFCI's specific wrongful conduct. Under these circumstances, the Court concludes that this factor favors the entry fo default judgment.

**4.    Factor Five: Possibility of Dispute Concerning Material Facts**

As to the fifth <u>Eitel</u> factor, as previously stated, upon entry of default, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18. Defendant HFCI has been given a fair amount of time to answer Plaintiffs' Complaint and deny that it is owes Plaintiffs for the carrier charges; Defendant HFCI, however, has not done so.[3] Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors the entry of default judgment.

**5.    Factor Six: Whether Default was Due to Excusable Neglect**

Upon review of the record, the Court finds that Defendant HFCI's default was not the result of excusable neglect.

---

[3] Plaintiffs assert that Defendant HFCI has never disputed that it owes Plaintiffs for the services provided. <u>See</u> Pls.' Mem. Supp. Mot. 3, 4.

Curtis McArthur, Defendant HFCI's president and registered agent, filed a Waiver of the Service of Summons on behalf of Defendant HFCI. Plaintiffs filed a Report of Parties' Planning Meeting, which stated that a Rule 26 conference was conducted between Plaintiffs' attorney and Curtis McArthur. In addition, Plaintiffs served Defendant HFCI, through Curtis McArthur, with notice of the instant Motion.

Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant HFCI has not appeared in this matter to date. Thus, the record suggests that Defendant HFCI's default was not the result of any excusable neglect, but rather due to Defendant HFCI's conscious and willful decision not to defend this action. Consequently, this factor favors the entry of default judgment.

**6.    Factor Seven: Policy Favoring Decisions on the Merits**

The Court next turns to the seventh and final _Eitel_ factor. Defendant HFCI's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under FRCP 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." _PepsiCo., Inc._, 238 F. Supp. 2d at 1177; _see also_ _Philip Morris USA, Inc. v. Castworld Prods., Inc._, 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh _Eitel_ factor is not alone

dispositive"). In the present case, Defendant HFCI has likewise failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable, if not impossible. Therefore, the seventh _Eitel_ factor does not preclude this Court from entering default judgment against Defendant HFCI.

### 7. Totality of _Eitel_ Factors

Upon consideration of the foregoing _Eitel_ factors, the Court finds that, as a whole, these factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant HFCI as to Plaintiffs' Complaint.

### D. Damages and Relief Sought

### 1. General Damages

Plaintiffs seek $80,169.68 in general damages. As evidentiary support, Plaintiffs submitted the Declaration of Amy Sherburne, a Senior Vice President and General Counsel of the Pasha Group. _See_ Sherburne Decl. ¶ 1. Plaintiffs also attached as Exhibit "1" a copy of a request for freight services executed by Curtis McArthur on behalf of Defendant HFCI. Ms. Sherburne states that Plaintiffs provided the services requested by Defendant HFCI in Exhibit "1." _See_ _id._ at ¶ 3. Finally, Plaintiffs attached as Exhibits "2" through "9" copies of invoices for services provided by Plaintiffs to Defendant HFCI. _See_ _id._ at ¶ 5. Ms. Sherburne states that, as of November 28,

2011, there remains $80,169.68 due and owing on the attached invoices.  See id. at ¶ 6.  Upon review of this evidence, the Court finds that Plaintiffs have established general damages in the amount of $80,169.68.

   **2.   Prejudgment Interest**

        Plaintiffs also request an award of prejudgment interest on all unpaid ocean freight and charges.  "It is well-established that compensatory damages in maritime cases normally include pre-judgment interest."  W. Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1288 (9th Cir. 1984).  Although the award of prejudgment interest is within the court's discretion, this discretion must be exercised with a view to the fact that prejudgment interest is an element of compensation, not a penalty.  Id.; Columbia Brick Works, Inc. v. Royal Ins. Co. of Am., 768 F.2d 1066, 1068 (9th Cir. 1985) ("In admiralty law, the district court has discretion to award prejudgment interest to accomplish the just restitution of injured parties.").  The court also has broad discretion to determine when prejudgment interest commences and what rate of interest to apply.  Id.

        In cases tried under admiralty principles only, principles of federal law govern a plaintiff's entitlement to prejudgment interest.  Id. at 1071.  In determining the appropriate prejudgment interest award, the Ninth Circuit has adopted the standards set for post-judgment interest set forth in

28 U.S.C. § 1961(a), unless the trial judge finds, on substantial evidence, that the equities of a particular case require a different rate.[4]  See Pac. Fisheries, 730 F.2d at 1289 ("We conclude that the measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) is also appropriate for fixing the rate for pre-judgment interest . . . , unless the trial judge finds, on substantial evidence that the equities of a particular case require a different rate."); Columbia Brick Works, 768 F.2d at 1071; Blanton v. Anzalone, 760 F.2d 989, 993 (9th Cir. 1985).

Here, "as a matter of convenience to the parties and the Court, Plaintiffs seek prejudgment interest at the statutory rate of 10% (uncompounded) pursuant to Hawaii Revised Statutes § 478-2." Pls.' Mem. Supp. Mot. 6. Since Plaintiffs were not paid by Defendant HCFI for services received beginning in September 2009, Plaintiffs seek prejudgment interest of 10% for two years totaling $16,033.94. The Court finds that Plaintiffs have failed to present substantial evidence as to why the equities require

_____

[4]  28 U.S.C. § 1961(a) provides in relevant part, "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. . . . " Upon the Court's independent research, from September 2009 through January 2011, this interest rate has fluctuated weekly between 0.10% to 0.47%.

that the Hawaii interest rate should be prevail over the rate established in 28 U.S.C. § 1961(a).  The weekly average 1-year constant maturity Treasury yield for the week prior to September 1, 2009 (August 28, 2009) was 0.45%.  Applying this rate for a two-year period, the Court concludes that Plaintiffs should be awarded $721.52 in prejudgment interest.[5]

### 3.    Attorneys' Fees and Costs

Finally, Plaintiffs ask to be awarded $1,430.00 in attorneys' fees and $467.06 in costs as the prevailing party.  However, absent statutory authorization, the prevailing party in an admiralty case is generally not entitled to an award of attorneys' fees.  B.P. N. Am. Trading, Inc. v. Vessel Panamax Nova, 784 F.2d 975, 977 (9th Cir. 1986); APL Co. Pte. Ltd. v. UK Aerosols Ltd., 582 F.3d 947, 956 (9th Cir. 2009).  Because Plaintiffs fail to provide statutory authorization, the Court finds that an award of attorneys' fees is not warranted.[6]

Costs, on the other hand, should be allowed to the prevailing party unless a federal statute says otherwise.  Fed. R. Civ. P. 54(d)(1).  Plaintiffs claim to have incurred costs of

---

[5]  $80,169.68 x 0.45% =360.76 x 2 years = 721.52.

[6]  Plaintiffs cite Pennsylvania and New York case law in which the bills of lading specifically provided for an award of attorneys' fees to the prevailing party.  Insofar as Plaintiffs fail to identify a specific provision in their bills of lading with Defendant HFCI providing for an award of attorneys' fees, the Court finds these cases inapposite and immaterial.

$24.34 in postage, $86.40 in photocopying, $6.32 in long distance charges, and a $350.00 filing fee.  <u>See</u> Diaz Decl. ¶ 4.  Upon review, the Court finds that these costs are taxable, and Plaintiffs are entitled to $467.06 in costs.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment, filed on November 30, 2011, be GRANTED IN PART AND DENIED IN PART as follows:

(1)  Default judgment shall enter against Defendant Harbour Forwarding Company, Inc. and in favor of Plaintiffs as to Plaintiffs' Complaint, filed on June 9, 2011;

(2)  Plaintiffs shall be awarded $80,169.68 in general damages;

(3)  Plaintiffs shall be awarded $1721.52 in prejudgment interest;

(4)  Plaintiffs shall not be awarded attorneys' fees; and

(5)  Plaintiffs shall be awarded $476.06 in costs.

IT IS SO FOUND AND RECOMMENDED.

///

///

///

///

DATED: HONOLULU, HAWAII, FEBRUARY 16, 2012.



_____
Richard L. Puglisi
United States Magistrate Judge


THE PASHA GROUP, ET AL. V. HARBOUR FORWARDING CO., INC.; CIVIL
NO. 11-00358 DAE-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT